IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TBK BANK and ROBERT BORREGO,

                Plaintiffs,

  v.                                          ORDER

ADVANCED COMPOSITES, LLC and           24-cv-146-jdp
LAWRENCE E. QUARLES,

                Defendants.

---

This is a case for civil theft, conversion, and unjust enrichment based on defendants' alleged retention of funds from an unauthorized wire transfer. Defendant Lawrence Quarles is proceeding without counsel. Defendant Advanced Composites, LLC has not yet appeared in this case. This order addresses three issues.

First, plaintiffs rely on 28 U.S.C. § 1332 as their basis for jurisdiction. The complaint alleges that plaintiff Borrego is a resident of Texas and that defendant Lawrence Quarles and non-party Cheryl Quarles, the members of defendant Advanced Composites, LLC, are residents of Wisconsin. Dkt. 1, ¶¶ 3–4. But "[c]itizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). Further, allegations of citizenship are not enough at this stage; plaintiffs must come forward with admissible evidence of diversity and they have not done so yet because neither side moved for summary judgment. Plaintiffs may have until May 6, 2025, to file supplemental evidence showing the parties' citizenship. I expect defendants to cooperate in the effort to establish the parties' citizenship, and the parties may file a stipulation on jurisdiction, so long as the stipulation lays out all the relevant facts about the citizenship of the

parties, such as domicile, state of incorporation, and principal place of business. *See Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 134 (7th Cir. 1996).

Second, defendant Advanced Composites has not appeared by counsel or answered the complaint despite the court's November 12, 2024, deadline to do so. I will give plaintiffs until May 13, 2025, to move for entry of default against Advanced Composites. If they do not, I will dismiss the case against Advanced Composites.

Third, trial is set for August 2025 for defendant Quarles, but neither party has filed anything with the court since November 2024 and the dispositive motions deadline passed more than two months ago. I will give the parties until May 13, 2025, to inform the court whether they plan to go to trial and if so, what legal and factual issues remain in dispute.

ORDER

IT IS ORDERED that:

1. Plaintiffs have until May 6, 2025, to file supplemental evidence showing the parties' citizenship.

2. Plaintiffs have until May 13, 2025, to move for entry of default against defendant Advanced Composites, LLC. If they do not move for entry of default by then, I will dismiss the case against Advanced Composites.

3. The parties have until May 13, 2025, to inform the court whether they plan to go to trial and if so, what legal and factual issues remain in dispute.

Entered April 21, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge