IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TBK BANK and ROBERT BORREGO,

               Plaintiff,

    v.

ADVANCED COMPOSITES, LLC and
LAWRENCE E. QUARLES,

               Defendant.

OPINION and ORDER

24-cv-146-jdp

---

Plaintiffs TBK Bank and Robert Borrego assert civil theft, conversion, and unjust enrichment claims against defendants under Wisconsin law, alleging that they refused to return $425,297 that they received from an unauthorized wire transfer from Borrego's account at TBK Bank. Defendant Advanced Composites, LLC has not appeared in this case. Defendant Quarles is proceeding without counsel; the case against him is scheduled for trial on August 18, 2025. This order addresses two outstanding issues.

First, plaintiffs have still not provided sufficient evidence that the parties are citizens of different states, which is necessary to establish this court's jurisdiction under 28 U.S.C. § 1332. This court previously allowed plaintiffs to conduct limited discovery to ascertain defendants' citizenship because Quarles had not responded to plaintiffs' efforts to reach him. Dkt. 26. Plaintiffs now say that Quarles refused to respond to their discovery requests, so they move the court to deem their discovery requests admitted and to find that the court has jurisdiction. Dkt. 27. For his part, Quarles sent a letter to the court explaining that he didn't answer plaintiff's discovery requests because they "seemed kind of odd" to him. Dkt. 28. Instead, Quarles submitted a 2025 jury summons sent to him from the Monroe County circuit court and a 2013 letter from the Wisconsin Department of Financial Institutions about Advanced

Composites' state registration, which Quarles says establishes that he and his company are citizens of Wisconsin. Dkt. 28-1 and Dkt. 28-2.

Quarles's documents are not sufficient to establish his citizenship. Quarles's citizenship is his domicile, meaning his permanent home or the location where he physically resides with intent to remain indefinitely. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). The jury summons Quarles submitted shows that he lives in Wisconsin, but not that he intends to remain there indefinitely. As for Advanced Composites, its citizenship is determined by the citizenship of its members, *see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), so Quarles's document showing that Advanced Composites is registered in Wisconsin says nothing about its citizenship.

Nevertheless, the court concludes that plaintiffs' evidence is sufficient to show that Quarles and Advanced Composites are citizens of Wisconsin. Quarles said in an email to plaintiffs' counsel that he has been a resident of Wisconsin for 23 years. Dkt. 27.[1]  Such long-term residence permits a reasonable inference that Quarles intends to remain in Wisconsin indefinitely. *See Nelson v. Wal-Mart, Inc.*, 63 F. App'x 920, 921–22 (7th Cir. 2003). As for Advanced Composites, plaintiffs' discovery requests asked defendants to admit that Advanced Composites' two members were Quarles and his wife Cheryl, and to admit various facts about Cheryl, including that she was registered to vote in Wisconsin, that she submitted an income tax return for Wisconsin, and that she had not intended to move her residence from Wisconsin to Texas. When a party fails to respond to a request for admission, the matters in the request are deemed admitted and are "conclusively established" for purposes of the litigation. Fed. R.

---

[1] Plaintiffs quoted this email in their motion, but they did not attach a copy. The court will order plaintiffs to submit a copy of Quarles's email when they respond to this order.

Civ. P. 36(a)(3); 36(b). The requests for admission are sufficient to establish that both Advanced Composites' members are domiciled in Wisconsin and therefore that Advanced Composites is a citizen of Wisconsin.

However, plaintiffs have still failed to provide sufficient evidence of their own citizenship. Plaintiffs assert in their motion that Borrego is domiciled in Texas and that TBK Bank is incorporated and has its principal place of business in Texas, Dkt. 27, ¶¶ 11–12. But plaintiffs don't provide declarations or any other admissible evidence to support these assertions. The court will give plaintiffs one more chance to provide sufficient evidence to establish diversity of citizenship. Plaintiffs have until June 27 to submit declarations from the plaintiffs about their citizenship and to submit a copy of the email Quarles sent to plaintiffs' counsel about his domicile.

Second, plaintiffs have still not moved for entry of default against Advanced Composites, nor have they provided the court with a summary of the legal and factual issues for trial as the court ordered them to do on April 21. Dkt. 24. Plaintiffs say in their most recent motion that they are prepared to move for entry of default, so the court assumes that they did not move before because they believed the court's extension of time to provide evidence of citizenship also applied to the other parts of the April 21 order. The deadline for motions in limine in this case is July 11. Plaintiffs have until that date to move for entry of default against Advanced Composites. Plaintiffs should also submit a short trial brief with their motions in limine, laying out the legal and factual issues for trial and the evidence plaintiffs intend to present.

ORDER

IT IS ORDERED that:

1. Plaintiffs TBK Bank and Robert Borrego have until June 27, 2025, to submit declarations from the plaintiffs about their citizenship and to submit a copy of the email Quarles' sent to plaintiffs' counsel about his domicile.

2. Plaintiffs have until July 11 to move for entry of default against defendant Advanced Composites, LLC. If they do not, the court will dismiss the case against Advanced Composites.

3. Plaintiffs have until July 11 to submit a short trial brief, laying out the legal and factual issues for trial and the evidence plaintiffs intend to present.

Entered June 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge