IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TBK BANK,

                       Plaintiff,

    v.                                                          ORDER

LAWRENCE QUARLES and                               24-cv-146-jdp
ADVANCED COMPOSITES, LLC,

                       Defendants.

---

    This case is scheduled for trial against defendant Lawrence Quarles on August 20, 2025.

    In a previous order, this court ordered the parties to submit witness and exhibit lists by July 30 and ordered defendant Lawrence Quarles to submit a response to plaintiff's trial brief by the same date. Quarles did not comply with the court's order. Instead, Quarles filed two letters via the court's Box.com folder on July 30 and July 31.[1] In the first letter, which the court has docketed as Dkt. 40, Quarles explained that due to "a combination of personal, legal, and logistical challenges," he has been unable to respond in a timely manner to the court's requests, but that he intends to do so "with full transparency and respect for the process going forward." In the second letter, which the court has docketed as Dkt. 41, Quarles asks the court to dismiss this matter with prejudice, representing that plaintiff TBK Bank's counsel had called Quarles to ask if he would agree to dismissal. (Nothing in TBK Bank's submissions to this court suggests that it wants this matter dismissed.)

---

[1] The clerk's office informed Quarles on July 31 via telephone that the Box.com folder was for exhibits only and that he should not use it to file documents. Despite this instruction, Quarles has filed at least two other communications to the court in that folder in the last several days.

On August 1, also in the Box.com folder, Quarles filed a response to TBK Bank's trial brief, in which he states that he is not liable for civil theft or conversion because he believed that he was engaged in a legitimate business transaction and did intend to take any property from plaintiffs without their consent. Dkt. 42. Quarles did not explain what evidence he intends to present and he completely ignored some of the factual assertions in TBK Bank's trial brief, including that Quarles spent $35,297 he received from the allegedly unauthorized wire transfer on personal expenses.

Quarles also filed several exhibits in the court's Box.com folder. Most of these documents are related to a $50 million euro loan from Investment House Qatar to Advanced Composites, which Quarles appears to have applied for in 2023. Quarles does not explain in his response to defendants' trial brief why this loan is related to this case. Quarles also did not label his exhibits, nor did he submit an exhibit list, which the court explicitly ordered him to do in its July 18 order. Dkt. 37.

This court has repeatedly warned Quarles that his failure to comply with court orders would result in sanctions. Dkt. 26 and Dkt. 37. In response, Quarles has provided vague excuses for his failure to comply and promised full cooperation in the future, but that cooperation has not yet materialized. Quarles's most recent excuse of "personal, legal, and logistical challenges" is not a persuasive reason for any further extension to submit his witness and exhibit lists. Quarles's failure to submit timely witness and exhibit lists has left both TBK Bank and the court in the dark about what evidence Quarles intends to present at trial and has given TBK Bank little time to respond to Quarles's exhibits.

As a sanction for Quarles' failure to submit a timely exhibit and witness list, the court will preclude Quarles from introducing any exhibits or witnesses at trial. Quarles may testify

on his own behalf, and he may cross-examine the witnesses introduced by TBK Bank, but he may not introduce any supporting exhibits of his own, nor may he have anyone else testify.

There is one further matter. This case is scheduled for a final pretrial conference on August 8, 2025. Due to a conflict in the court's calendar, that conference is cancelled. The final pretrial conference is typically an opportunity to address any objections to the evidence the parties intend to present. Given that this case is proceeding as a court trial, the court will entertain any evidentiary objections as they come up at trial.

ORDER

IT IS ORDERED that:

1. Defendant Lawrence Quarles's motion for an extension of time, Dkt. 40, is DENIED.

2. Quarles's motion to dismiss the case, Dkt. 41, is DENIED.

3. As a sanction for his failure to comply with the court's order to submit witness and exhibit lists, Quarles is prevented from introducing any exhibits at trial or calling any witnesses other than himself to testify.

4. The final pretrial conference scheduled for August 8, 2025, is CANCELLED.

Entered August 4, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge